IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITIZENS BANK, N.A. f/k/a CHARTER ONE, a division of RBS CITIZENS, N.A. f/k/a CHARTER ONE BANK, N.A., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15 C 10494 |
| NEW SAMS FOODMART, INC., an Illinois corporation, and HAJI M. GODIL, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For some reason the Answer by counsel for defendants New Sams Foodmart, Inc. and Haji Godil found its way into this Court's chambers file without having undergone the threshold screening that this Court always seeks to undertake with filings in cases on its calendar. But because there is no statute of limitations on correcting bad pleadings, this memorandum order is being issued sua sponte to send defense counsel back to the drawing board.[1]

To begin with, Fed. R. Civ. P. ("Rule") 11(b) calls for every document filed by lawyers to contain assertions advanced in both objective and subjective bad faith. On a defendant's side of the "v." sign, federal courts have a right to expect that counsel will also heed the "notice pleading" message of the Twombly-Iqbal canon, so that the reader is informed up front as to

---

[1] It might perhaps have provided a forewarning of the types of errors that were to come when counsel actually captioned defendants' Answer as the "Complaint."

what matters alleged by the plaintiff are or are not controverted and in issue.  Here, however, the Answer is chock-full of assertions that fail to meet that expectation.

On that score the defense counsel in this action are simply wrong in stating that numerous allegations in the Complaint "constitute legal conclusions and as such are not factual allegations requiring an answer" -- in that respect, see App'x ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  Because that incorrect assertion gets all too many of the responses in the Answer off on the wrong foot, the Answer is permeated with Rule-11-violative responses (see Answer ¶¶ 7, 9, 14, 21, 22, 29, 30, 32, 36, 37 and 38[2]).  All of those Answer paragraphs are accordingly stricken, but with leave being granted to replead in proper form and substance.

This memorandum order's laundry list in the preceding paragraph is not intended to omit Answer ¶¶ 12 and 18, which contain a somewhat different locution that is equally improper.  Those paragraphs are stricken as well.

Next, Rule 8(b)(5) permits a defendant to file a disclaimer as to allegations in a complaint that do not fairly allow a straight-out admission or denial as called for by Rule 8(b)(1)(B) -- see App'x ¶ 1 to State Farm.  That disclaimer is set out with such precision that there is no excuse for departing from its terms, as defense counsel have done in Answer ¶ 15. So that paragraph is stricken too.

Because the errors identified here are so pervasive, it would make no sense to call for an amendment to the Answer rather than a self-contained Amended Answer.  Consequently the

---

[2] If this memorandum order has missed any paragraphs that commit the same venial sin, apologies are in order -- but when defense counsel go back to restate the Answer they are expected to pick up all such errors.

entire filing is stricken, but with leave granted to file such a self-contained curative pleading on or before February 17, 2016.

                                                               _____
                                                               Milton I. Shadur
Date: February 3, 2016                     Senior United States District Judge